```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION
```

```
SUSAN E. PRAMUK                )
                               )
     Plaintiff,                )
                               )
                               )      CAUSE NO.2:13-CV-068
VS.                            )
                               )
NORTHWESTERN MEDICAL IMAGING,  )
                               )
     Defendant.                )
```

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, filed on August 28, 2013. (DE #21). For the reasons set forth below, the motion to dismiss is **GRANTED,** and the complaint is **DISMISSED** with prejudice.

## BACKGROUND

*Pro se* plaintiff Susan E. Pramuk ("Pramuk"), filed this 42 U.S.C. § 1983 action, utilizing a form provided by the Clerk's Office, against Northwestern Medical Imaging ("NMI") on February 19, 2013. (DE #1). The complaint states the following:

> Exploiting my results of MRI, to Cheryl Montalbow Rahmany, possibly removing frames from moving pictures and deleting specific frames, as to conseal [sic] results, so that I would not receive medical treatment. I am a legal pro se in the Court. Cheryl Montalbow Rahmany knows to stay out of my medical.

-1-

(Comp. ¶ 1, pg. 2).

Pramuk then lists the following statutes as authority for the suit:

> VI of Civil Rights Act of 1964 (42 U.S.C. § 2000 et seq. Section Rehabilitation of Civil Rights 1973 29 U.S.C. Education Amendments of 1972 20 U.S.C. § 1681 et seq.)
> Section 794, 8555 (ii) Title VI and XVI of the Public Health Service Act (42 U.S.C. §§291 et seq
> HIPAA 1996 (42 U.S.C. § 132 od-2)
> Health Insurance Portability and Accountability Act of 1996
> HIPAA (42 USC §1320 d-2)

(DE #1, pg. 2).

Pramuk asks for $500,000 in damages "plus all the monies to heal this problem within my person." (DE #1, pg. 3). Pramuk also asks for the "arrest for the Northwestern Medical Imaging for changing films an [sic] concealing evidence of worm larvae poisoning." (*Id*.).

On March 8, 2013, the Court dismissed the complaint for non-payment of the filing fee. (DE #4). The suit was re-opened on April 5, 2013, after Pramuk paid the filing fee. (DE #9). NMI filed the instant Motion to Dismiss on August 28, 2013. (DE #21). NMI asks the Court to dismiss Pramuk's complaint for failure to state a claim for three reasons: (1) Pramuk's complaint does not comply with Federal Rule of Civil Procedure 8's requirement that the complaint be presented with intelligibility sufficient for counsel to determine whether a valid claim is alleged and what it is; (2) NMI is not a state actor, and (3) Pramuk has failed to state any claims against

NMI for violations of the multiple statutes listed in her complaint. Pramuk did not file a response brief within the time allotted, and the matter is now ripe for adjudication.

**DISCUSSION**

In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007), abrogating in part *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff has an obligation under Rule 8(a)(2) to provide the grounds of his entitlement to relief, which requires more than labels and conclusions. *Id.* at 1965. A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* Moreover, a plaintiff may plead himself out of court if the complaint includes allegations that show he cannot possibly be

entitled to the relief sought. *Jefferson v. Ambroz*, 90 F.3d 1291, 1296-97 (7th Cir. 1996).

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether a state actor has deprived the plaintiff of a right secured by the Constitution or laws of the United States.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The United States Supreme Court defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state

-4-

officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Here, Pramuk makes no allegations of state action by NMI. The Complaint is one confusing paragraph followed by a string of statutes, lacking any facts that could give rise to a claim under § 1983. But even putting the state action problem aside, Pramuk has failed to state a claim under each of the substantive statutes she relies upon, as explained below.

Most of the statutes that Pramuk cites prohibit discrimination in one context or another. She cites to Title VI of Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., which prohibits discrimination by programs or activities that receive federal funds. Similarly, Pramuk cites to Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 et seq., which prohibit discrimination by education programs receiving Federal financial assistance. Pramuk also cites to "Section Rehabilitation of Civil Rights 1973 29 U.S.C." in her complaint. The Court presumes that she intended to cite to the Rehabilitation Act of 1973, codified as 29 U.S.C. § 701, which prevents discrimination against those with disabilities by those receiving federal funds under the statute. There is *nothing* in Pramuk's complaint other than the citation to these statutes that suggests she is alleging discrimination of any kind, and her complaint contains no allegations that NMI was receiving federal

financial assistance.  Pramuk has wholly failed to explain why she believes NMI would be liable under any of the aforementioned statutes.

Pramuk additionally cites tp "Section 794, 8555 (ii) Title VI and XVI of the Public Health Service Act (42 U.S.C. §§ 291 et seq)." The Court presumes that Pramuk intended to cite to Sections 794 and 855 of the Public Health Services Act, which are codified as 42 U.S.C. §§ 295m and 296g, and additionally Title VI and Title XVI of the Public Health Service Act, which are codified as 42 U.S.C. §§ 291 and 300.  42 U.S.C. §§ 295m and 296g prohibit discrimination based on sex for admissions to any school of medicine if the school wishes to receive grants, loans, or subsidies from the federal government. There are no allegations in the complaint that could give rise to a claim under these statutes.  42 U.S.C. § 291 exists to improve medical facilities, and also appears wholly irrelevant to the facts alleged in the complaint.  Likewise, 42 U.S.C. § 300 relates to government assistance given to family planning services, and Pramuk makes no allegations that would give rise to any claim pursuant to § 300.

Pramuk also cites the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d et seq. Pramuk cannot bring a claim pursuant to HIPAA because congress did not create a private right of action under HIPPA. *Carpenter v. Phillip*, 419 Fed.Appx. 658, 659 (7th Cir. 2011).

-6-

In short, Pramuk's complaint is woefully inadequate under Federal Rule of Civil Procedure 8. It fails to include sufficient facts to state a claim for relief that is plausible on its face and must be dismissed. In fact, the complaint is not just deficient - it is frivolous - and the dismissal will therefore be with prejudice.

**CONCLUSION**

For the above stated reasons, the Motion (DE #21) is **GRANTED**. Pramuk's complaint is **DISMISSED WITH PREJUDICE.**


**DATED:  December 23, 2013**               /s/RUDY LOZANO, Judge
                                            **United States District Court**